Filed 6/27/25  In re I.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re I.A., a Person Coming Under the Juvenile Court Law. | H052390 (Santa Clara County Super. Ct. No. 24JV46657A) |
| THE PEOPLE, Plaintiff and Respondent, v. I.A., Defendant and Appellant. | |

The juvenile court sustained an allegation in a juvenile wardship petition that the 17-year-old minor I.A. committed an act which, if committed by an adult, would constitute assault with a deadly weapon.  At the dispositional hearing, the court committed I.A. to the Santa Clara County Juvenile Rehabilitation Facilities' Enhanced Ranch Program.

I.A. appeals from the juvenile court's orders.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified I.A. of his right to submit written argument on his own behalf.  He has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal.  Following the California Supreme Court's direction in *Kelly*, we provide a brief

description of the facts and procedural history of the case, the allegations that were sustained, and the disposition imposed.  (*Id.* at p. 110.)

## I.  *WENDE/KELLY* REVIEW

According to testimony at the contested jurisdictional hearing, I.A. was socializing and drinking alcohol with five other people at a park in Gilroy on April 25, 2024.  At some point, I.A. showed the group a knife.

I.A. asked for a ride to a mobile home park and drove there in a car with four other people.  They all got out of the car, and I.A. began arguing with two other members of the group.  During the argument, I.A. took out his knife and stabbed one of them.  He testified that he did so out of fear after the victim approached him.  The victim testified that he was looking away at the time of the stabbing and had not initiated any physical altercation with I.A.

The victim described that his "guts[,] like the stuff from inside, they all came out" of his body as a result of the stabbing.  He immediately "picked up [his] guts from the floor" and got in the passenger seat of his cousin's car.  They started driving away, but quickly stopped and knocked on the door of a mobile home to seek medical help.  Someone answered the door and called the police.  The victim was taken by helicopter to the hospital, where he underwent surgery.  He was hospitalized for nine days and underwent a second surgical procedure to address bleeding in his liver.

A juvenile wardship petition alleged that I.A. committed an act which, if committed by an adult, would constitute assault with a deadly weapon.  (Pen. Code, § 245, subd. (a)(1).)  The petition also alleged that I.A. personally inflicted great bodily injury.  (Pen. Code, §§ 12022.7, subd. (a), 1203, subd. (e)(3).)  Following a contested jurisdictional hearing, the juvenile court sustained the petition.

In July 2024, the juvenile court committed I.A. to the Santa Clara County Juvenile Rehabilitation Facilities' Enhanced Ranch Program for six to eight months.  The court identified the maximum term of confinement as six years.

We have reviewed the entire record and find no arguable issue.

## II. DISPOSITION

The orders are affirmed.

_____

Grover, J.

**WE CONCUR:**



_____

Greenwood, P. J.



_____

Lie, J.



H052390
*The People v. I.A.*